UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JESSICA NICHOLE MOORE and <br> AUSTIN WALKER, <br><br> Plaintiffs, <br><br> v. <br><br> PIEDMONT BUSINESS COLLEGE, INC. F/K/A <br> MILLER-MOTTE TECHNICAL COLLEGE,[1] <br><br> Defendant. | Case No. 3:14-cv-2390 <br> Judge Trauger |

# MEMORANDUM AND ORDER

Pending before the court is a Motion to Dismiss or, in the Alternative, Motion for a More Definite Statement (Docket No. 11) filed by the defendant, Piedmont Business Colleges, Inc. F/K/A/ Miller-Motte Technical College ("Miller-Motte" or the "school"), to which the plaintiffs have filed a Response (Docket No. 16), and the defendant has filed a Reply (Docket No. 19). For the reasons discussed herein, the defendant's motion will be granted without prejudice.

## BACKGROUND[2]

Miller-Motte, the defendant, is a technical college that operates a facility located in Madison, Tennessee. The plaintiffs, Jessica Moore and her fiancé, Austin Walker, are former students of Miller-Motte. The plaintiffs filed this lawsuit on December 24, 2014, alleging that, during the time that she attended the school, Ms. Moore was sexually harassed and assaulted by

---

[1] The defendant explains in its Motion to Dismiss that its correct title is Piedmont Business Colleges, Inc. F/K/A/ Miller-Motte Technical College. The plaintiffs do not dispute this title. Going forward, the court and the parties will refer to the defendant according to its correct title.

[2] Unless otherwise noted, the facts are drawn from the Amended Complaint. (Docket No. 5.)

other students and, consequently, was subjected to a hostile educational environment in violation of federal law. (Docket No. 1.) The plaintiffs allege that Mr. Walker, who was also a student of the school, attempted to stop the sexual harassment and informed school administrators of the victimization of Ms. Moore, but that Miller-Motte failed to take any reasonable action to alleviate or cure the hostile environment caused by its students or to protect Ms. Moore. The plaintiffs further allege that, because the school did not take any action to protect Ms. Moore, the school violated Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-1688 ("Title IX"). The Amended Complaint is unclear as to additional causes of action against the defendant, but appears to plead various negligence claims related to its allegation that the school negligently supervised students, faculty, and employees.

The defendant filed the pending motion on April 21, 2015. (Docket No. 11.) The defendant's motion asserts that the plaintiffs' claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because the Amended Complaint fails to meet the pleading standard set forth in Rule 8(a)(2). The plaintiffs responded to the defendant's motion on April 29, 2015. (Docket No. 15.) The plaintiffs do not appear to oppose the defendant's motion to dismiss but request in their Response that the court permit them an opportunity to amend their pleading to cure its deficiencies. The defendant filed a Reply on May 12, 2015, essentially reiterating the arguments made in its Motion to Dismiss. (Docket No. 17.) The defendant does not mention (and does not oppose) the plaintiffs' request for leave to amend in its Reply.

## ANALYSIS

Despite the request made in their Response to the pending motion, the plaintiffs have not yet filed a motion for leave to amend the Amended Complaint. Accordingly, the court will

consider the defendant's pending motion as it applies to the operative pleading—the Amended Complaint.

## I. Rule 12(b)(6) Standard

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The Federal Rules of Civil Procedure require only that a plaintiff provide "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

The complaint's allegations, however, "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To establish the "facial plausibility" required to "unlock the doors of discovery," the plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action," but, instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679; *Twombly*, 550 U.S. at 556.

## II. Application to the Amended Complaint

The parties appear to agree that the Amended Complaint fails to meet the requirements of Rule 8. Specifically, as the defendant explains, the plaintiffs fail to assert factual content with respect to the incidents of assault and harassment that appear to be the premise for their Title IX claim. Critically, the Amended Complaint fails to allege necessary facts underlying the plaintiffs' claims, including (1) the identities of Moore's perpetrators; (2) the identities of the school authorities to whom the harassment and assault were reported; (3) the dates and times of the harassment and assaults; (4) the dates and times that Moore and Walker reported the incidents of abuse to the administration; and (5) the location(s) where the harassment and assault occurred. Without such factual allegations, the Amended Complaint is so vague or ambiguous that it fails to state a claim to relief that is plausible on its face. *See Twombly*, 550 U.S. at 563.

Additionally, other than their Title IX claim premised upon sexual harassment against Ms. Moore, the plaintiffs fail to clearly identify the additional causes of action that they are asserting against the defendant. The allegations of the pleading appear to indicate that the plaintiffs intend to plead various negligence claims against the defendant, but the court is unable to discern—and therefore, the defendant cannot be expected to respond to—the plaintiffs' intended causes of action from the scattered ramblings of the Amended Complaint.

Mr. Walker, too, has failed to plead sufficient allegations for a plausible cause of action pursuant to Title IX. Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subject to discrimination under any educational proram or activity receiving financial assistance." 20 U.S.C. § 1681(a). It is well settled that sexual harassment of a student in a federally-funded school by a teacher or employee of the school can render the school liable for damages under Title IX. *Franklin v. Gwinnett Cnty. Pub. Schs.*, 503 U.S. 60, 63 (1992). Moreover, some

federal courts, including a court in this district, have held that Title IX authorizes a cause of action for student-on-student harassment. As the defendant notes in its motion to dismiss, the plaintiffs have alleged (although with some deficiencies) that Ms. Moore was a victim of peer sexual harassment. The plaintiffs have not, however, alleged that Mr. Walker was subjected to discrimination on the basis of his sex. Accordingly, even if the plaintiffs had properly pled a Title IX claim on behalf of Ms. Moore, the court would grant the defendant's motion to dismiss as to Mr. Walker's Title IX claim.

### III. Going Forward

In light of the foregoing, the court will grant Miller-Motte's motion and dismiss the plaintiffs' claims against it. However, given the unopposed informal request by the plaintiffs for leave to amend, the dismissal of these claims will be without prejudice.[3] The plaintiff shall be given 14 days to file a motion for leave to amend the Amended Complaint or to otherwise move for an extension of this deadline upon a showing of good cause. If neither motion is filed by the aforementioned deadline, the court will enter a final judgment in this case dismissing the plaintiffs' claims with prejudice.

### CONCLUSION

For these reasons, the defendant's Motion to Dismiss is **GRANTED**, and the Amended Complaint is **DISMISSED WITHOUT PREJUDICE**. It is further **ORDERED** that the plaintiffs shall be granted leave to file a second Amended Complaint before June 2, 2015.

It is so **ORDERED**.

---

[3] Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading "shall be freely given when justice so requires." The Sixth Circuit has found that "[t]he thrust of Rule 15 is . . . that cases should be tried on their merits rather than the technicalities of pleading." *Jet, Inc. v. Sewage Aeration Sys.*, 165 F.3d 419, 425 (6th Cir. 1999).

Enter this 19th day of May 2015.

_____
ALETA A. TRAUGER
United States District Judge