# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JESSICA NICHOLE MOORE, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Docket No. 3:14-cv-2390 |
| ) | Judge Aleta A. Trauger |
| PIEDMONT BUSINESS COLLEGES, ) | |
| INC. F/K/A MILLER-MOTTE ) | |
| TECHNICAL COLLEGE, ) | |
| ) | |
|     Defendant. ) | |

## MEMORANDUM AND ORDER

Pending before the court is a Motion to Dismiss the Second Amended Complaint (Docket No. 22) filed by defendant Piedmont Business Colleges, Inc. F/K/A Miller-Motte Technical College ("Miller-Motte"), to which plaintiff Jessica Nichole Moore has filed a Response (Docket No. 24), and Miller-Motte has filed a Reply (Docket No. 27). For the reasons discussed herein, Miller-Motte's motion will be granted without prejudice.

## PROCEDURAL HISTORY

On December 24, 2014, Ms. Moore, along with her fiancé, Austin Lee Walker, filed a Complaint against Miller-Motte (Docket No. 1), alleging that Miller-Motte violated Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-1688 ("Title IX") and committed other unspecified negligence. In particular, the Complaint alleged that: 1) Miller-Motte was at all material times an educational institution receiving federal financial assistance; 2) while attending Miller-Motte, from March 2013 to July 2014, Ms. Moore was sexually harassed and assaulted, creating a hostile environment under federal law; 3) Ms. Moore and Mr. Walker complained to

1

school officers and administrators, who did nothing in response; and 4) Ms. Moore suffered emotional distress and mental anguish that forced her to withdraw as a student from Miller-Motte and seek treatment. The Complaint did not include many specific facts regarding the alleged incidents of sexual harassment, including the identities of the perpetrators, the dates and times the incidents took place, or the details of the offensive behavior beyond the vague allegation that "students were touching Ms. Moore and making obvious, insulting sexual overtures." The Complaint likewise did not contain any specific facts regarding Ms. Moore's and Mr. Austin's reporting of the incidents to school administrators, including the names or titles of the individuals they reported to, when and how the reports were made, or the details of what was said.

On March 3, 2015, Ms. Moore and Mr. Walker filed an Amended Complaint (Docket No. 5), but they did not include any additional factual details about the alleged harassment or the alleged reports to Miller-Motte administrators.

On May 19, 2015, in response to a motion by Miller-Motte and after complete briefing by the parties, the court issued a Memorandum and Order dismissing the Amended Complaint, without prejudice, for failure to state a claim. (Docket No. 20.) The Order noted, in pertinent part, that "the Amended Complaint fail[ed] to allege necessary facts underlying plaintiffs' claims, including (1) the identities of Moore's perpetrators; (2) the identities of the school authorities to whom the harassment and assault were reported; (3) the dates and times of the harassment and assaults; (4) the dates and times that Moore and Walker reported the incidents of abuse to the administration; and (5) the location(s) where the harassment and assault occurred."[1]

---

[1] The court noted other deficiencies with respect to the claims other than the Title IX claim, as well as the claims brought by Mr. Walker.

The Order, noting an informal request for leave to amend contained in Ms. Moore's and Mr. Walker's briefing, further granted Ms. Moore and Mr. Walker leave to file a Second Amended Complaint by June 2, 2015 and stated that the action would be dismissed with prejudice if neither a Second Amended Complaint nor request for a deadline extension were filed by that time.

On June 2, 2015, Ms. Moore (this time as the sole plaintiff) filed a Second Amended Complaint against Miller-Motte.[2] (Docket No. 21.) In pertinent part, the Second Amended Complaint named only a cause of action under Title IX and added the specific factual allegations recounted below.

On June 16, 2015, Miller-Motte filed a Motion to Dismiss the Second Amended Complaint for failure to state a claim[3] (Docket No. 22), along with a Memorandum In Support (Docket No. 23).

---

[2] This document was captioned as "Amended Complaint (Per 5-19-15 Order)" but is effectively a Second Amended Complaint, and that is how it will be referred to herein.

[3] In addition to arguing that the Second Amended Complaint failed to state a claim under Rule 12(b)(6), Miller-Motte raised as an alternative grounds for dismissal that Ms. Moore violated the terms of the court's May 19, 2015 Order by filing her Second Amended Complaint *on* June 2, 2015, rather than filing a *motion for leave to file* a Second Amended Complaint *before* June 2, 2015. While there may have been some ambiguity, the court construes its May 19, 2015 Order in its most generous terms to grant Ms. Moore leave to file *on or before* June 2, 2015, one of the following: a Second Amended Complaint, a motion for leave to file a Second Amended Complaint, or a motion for a deadline extension. Accordingly, the court finds that Ms. Moore did not violate the May 19, 2015 Order.

Ms. Moore was required to file any opposition to Miller-Motte's Motion to Dismiss the Second Amended Complaint by July 6, 2015.[4]  According to Local Rule 7.01(b), "[f]ailure to file a timely response shall indicate that there is no opposition to the motion."

On July 8, 2015, without having submitted to the court any request for an extension of time to file a response, or for leave to file an untimely response, Ms. Moore filed a Response in Opposition to Miller-Motte's Motion to Dismiss.  (Docket No. 25.)  The Response itself did not contain any reference to its untimeliness.

On July 14, 2015, by leave of court, Miller-Motte filed a Reply in support of its Motion to Dismiss, arguing that not only did Ms. Moore fail to state a claim, but the Motion to Dismiss was unopposed under Rule 7.01(b).

Ms. Moore has not filed anything in response.

## FACTUAL ALLEGATIONS[5]

Miller-Motte is a trade education school in Nashville that receives federal financial assistance.

From June 2013 through the spring semester, 2014, Ms. Moore was a paying student at Miller-Motte.

---

[4] Under Local Rule 7.01(b), she had 14 days from June 16, 2015 to file a Response, plus she had an additional three-day extension under Federal Rule of Civil Procedure 6(d) for filing her brief electronically.  That brought the deadline to July 3rd, which was a federal holiday, so under Federal Rule 6(a)(1)(C), her Response was officially due on the next business day, or July 6, 2015.

[5] These facts are draw from the Second Amended Complaint.  (Docket No. 21.)

On or about June 2013, a male student put his hands in Ms. Moore's pants.[6] In the Spring of 2014, a male student put his hands on Ms. Moore's upper thigh while she was in the library. In January of 2014, a male student in the library demanded that Ms. Moore "dump her boyfriend to be with him," acted in a sexual and forceful manner, and caused Ms. Moore to be afraid. Several students, including Rondarius Green and Mark Tabb, repeatedly called Ms. Moore "big booty Judy," despite her protests. Around April 22, 2014, a male student sat next to Ms. Moore in the library and showed her a video of him and his girlfriend having sex, in an attempt to persuade Ms. Moore to have sex with him. In the Spring of 2014, two students followed Ms. Moore to her car while making "barking" sounds.

At some point in time, at least some of these incidents were brought to the attention of Cambria Campos, Nikki England, and Ashley Klyer.[7] Ms. Campos "acted surprised." Ms. England said that there was nothing that could be done to assist Ms. Moore and also told Ms. Moore – at some point in time – that "guys are going to be like that everywhere, you will have to

---

[6] In the context of the Second Amended Complaint as a whole, which is prefaced with general allegations that Ms. Moore was harassed on campus during educational hours, the court construes this allegation – and all other allegations concerning incidents recited in the Second Amended Complaint – to indicate that the incident took place on campus at Miller-Motte and that the unidentified male student was a Miller-Motte student.

[7] The Second Amended Complaint does not explicitly state that these individuals are Miller-Motte administrators, let alone what their titles and roles were at the school. In context of the Second Amended Complaint as a whole, the court interprets the allegations to indicate that these individuals were affiliated with Miller-Motte in some administrative capacity. The Second Amended Complaint is not at all clear, however, as to who made the alleged reports to these individuals, when the reports were made, or what was said (specifically, which of the incidents were reported). The Second Amended Complaint does state that Ms. Moore herself reported to Ms. Campos about "the initial incident," but it is not at all clear which incident this refers to.

get used to it." Ms. Klyer also said that nothing could or would be done.  None of these administrators took any action to assist Ms. Moore.

Ms. England also sent Mr. Walker home when he reported to her an incident in which he had "attempted to protect Ms. Moore and his life was threatened."  This incident was not described in any further detail, including when it took place or who was involved.

As a result of the harassment and the school's inaction, Ms. Moore did not feel safe at Miller-Motte and was unable to concentrate on her studies.  She has suffered emotional and mental anguish, for which she has had to seek medical treatment.

## **ANALYSIS**[8]

Miller-Motte has raised two separate grounds for dismissing the Second Amended Complaint: 1) failure to state a claim under Rule 12(b)(6), and 2) Ms. Moore's failure to timely respond in opposition to Miller-Motte's Motion To Dismiss.  As an initial matter, the court cannot review these issues independent of one another or of the procedural history of this case in its entirety.  Had the allegations contained in the Second Amended Complaint been filed as an initial complaint, without the benefit of additional time and drafts and the court's explicit instructions regarding the type of detail necessary to meet the 12(b)(6) burden, the court might view more generously the efforts that have been made.  Similarly, had a single deadline under the local rules been missed in the context of an otherwise meticulous litigation, the court might be more inclined to overlook the error.  In this case, however, the court is faced with a plaintiff who has failed to put forth the reasonable efforts necessary to carry this case beyond the pleadings stage.

---

[8] The court laid out the standard of review under Rule 12(b)(6) in its May 19, 2015 Order, and it is unnecessary to repeat it here.

While the Second Amended Complaint comes much closer to stating a claim than previous iterations, it is very poorly constructed and requires the court to read between the lines and make generous inferences on Ms. Moore's behalf in order to piece together anything more than a bare-bones claim. Not only is this Ms. Moore's third attempt to plead her case, but the court's May 19, 2015 Order expressly stated that the Second Amended Complaint should contain the details of the alleged harassment and the reports to Miller Motte administration. Nevertheless, some critical questions remain inexplicably unanswered, including any identifying facts (even if names are unknown) about the perpetrators of the harassment (aside from naming two of the students involved in one of the more minor incidents of name-calling) and exactly which incidents were reported, when and how they were reported, and by whom. In addition, no context is given to the alleged reactions of the named individuals, who are presumed to be school officers or administrators.

Further Ms. Moore not only failed to respond to Miller-Motte's Motion to Dismiss the Second Amended Complaint in accordance with the deadline under the Local Rules, but she has also failed to even acknowledge this lapse at any point in time. Ms. Moore's Response, which ultimately does no more than summarize the facts contained in the Second Amended Complaint and argue that these are sufficient, was simply filed as if it were on time. She has offered no justification for the late filing or made any formal request for the court to excuse the error. Miller-Motte is correct that this oversight technically renders its Motion to Dismiss unopposed. Perhaps more significantly, this procedural error coupled with the lack of detail and clarity in the Second Amended Complaint evidence a general ambivalence by Ms. Moore about zealously litigating this claim.

7

The court simply cannot overlook the combined deficiencies in the Second Amended Complaint and unexplained procedural errors and, in effect, do Ms. Moore's work for her in carrying this claim forward to the next stage of litigation. As this is the second time the court is dismissing a complaint in this matter, and on more than one ground, there is certainly sufficient basis to dismiss this claim with prejudice and conclude the action at this time. Due to the serious nature of the allegations that have been raised, however, the court will dismiss this action without prejudice and provide Ms. Moore with one final opportunity to assert her action. The court notes that, out of consideration for Miller-Motte in defending this action, no further disregard by Ms. Moore for Local Rules or for this court's orders can be tolerated.

## CONCLUSION

For these reasons, the defendant's Motion to Dismiss is **GRANTED**, and the Second Amended Complaint is **DISMISSED WITHOUT PREJUDICE**. It is further **ORDERED** that Ms. Moore is granted leave to file a Third Amended Complaint no later than August 28, 2015. The court will not consider any additional request for an extension of this deadline. If the Third Amended Complaint is not filed by August 28, 2015, or if the Third Amended Complaint fails to state a claim under Rule 12(b)(6), this action will be dismissed at that time with prejudice.

It is so **ORDERED**.

Enter this 28th day of July 2015.

_____
ALETA A. TRAUGER
United States District Judge