UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JESSICA NICHOLE MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Docket No. 3:14-cv-2390 |
| | ) | Judge Aleta A. Trauger |
| PIEDMONT BUSINESS COLLEGES, | ) | |
| INC. F/K/A MILLER-MOTTE | ) | |
| TECHNICAL COLLEGE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Pending before the court is a Motion to Dismiss the Third Amended Complaint (Docket No. 30) filed by defendant Piedmont Business Colleges, Inc. F/K/A Miller-Motte Technical College ("Miller-Motte"), to which plaintiff Jessica Nichole Moore has filed a Response (Docket No. 32), and Miller-Motte has filed a Reply (Docket No. 35). For the reasons discussed herein, Miller-Motte's motion will be denied.

## BACKGROUND & PROCEDURAL HISTORY

This is the third time the court is considering a motion to dismiss the plaintiff's pleading in this action, and it pertains to the fourth complaint that the plaintiff has filed. A more complete discussion of the background, including the factual allegations and a more detailed procedural history, can be found in the court's July 28, 2015 Memorandum and Order dismissing the plaintiff's Second Amended Complaint, familiarity with which is presumed. (Docket No. 28.) Briefly, this case involves allegations by the plaintiff that she was sexually harassed and assaulted by fellow students while attending Miller Motte and that Miller Motte negligently

1

failed to intervene, despite her complaints, in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-1688 ("Title IX").

On May 19, 2015, the court dismissed the plaintiff's first Amended Complaint without prejudice, finding that "the Amended Complaint fail[ed] to allege necessary facts underlying the plaintiff's claims, including (1) the identities of [the plaintiff's] perpetrators; (2) the identities of the school authorities to whom the harassment and assault were reported; (3) the dates and times of the harassment and assaults; (4) the dates and times that [the plaintiff and a witness identified in the pleadings] reported the incidents of abuse to the administration, and (5) the location(s) where the harassment and assault occurred." (Docket No. 20, p. 4.)

On July 28, 2015, the court dismissed the plaintiff's Second Amended Complaint on the grounds that the plaintiff had not sufficiently supplemented the factual allegations as ordered by the court and had also failed, without explanation, to timely respond to the defendant's Motion to Dismiss the Second Amended Complaint. (Docket No. 28.) Due to the serious nature of the allegations, however, the court dismissed the Second Amended Complaint without prejudice and allowed the plaintiff an additional opportunity to amend the pleadings on or before August 28, 2015. (Id. at 8.)

On August 28, 2015, the plaintiff timely filed her Third Amended Complaint. (Docket No. 29.) The Third Amended Complaint streamlines the alleged incidents of harassment and assault; identifies several of the students who allegedly harassed the plaintiff, including the perpetrators of some of the more serious incidents alleged; and clarifies that "all" of the incidents of alleged harassment "were reported to school executives and officials to no avail." (Id. at 3.)

On September 11, 2015, the defendant filed a Motion to Dismiss the Third Amended Complaint, along with a Memorandum in Support. (Docket Nos. 30, 31.) On September 25,

2015, the plaintiff filed a Response (Docket No. 32), and on October 2, 2015 – with leave of court – the defendant filed a Reply (Docket No. 35).

## LEGAL STANDARD

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The Federal Rules of Civil Procedure require only that a plaintiff provide "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

The complaint's allegations, however, "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To establish the "facial plausibility" required to "unlock the doors of discovery," the plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action," but, instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679; *Twombly*, 550 U.S. at 556.

## ANALYSIS

The defendants argue that the Third Amended Complaint should be dismissed because it "makes only insignificant changes to the Second Amended Complaint," focusing in particular on the fact that the Third Amended Complaint still does not identify all of the alleged harassers, the timing of the reports of the harassment to Miller Motte, the specific content of those reports, or to whom the reports were made. (Docket No. 31, pp. 2-3.) While it is true that there are still details missing to flesh out the plaintiff's story (including the timing of her reports to Miller Motte), it is not necessary at the pleadings phase for every fact supporting the plaintiff's claim to be articulated. The plaintiff has clearly made efforts to provide information responsive to the requests in the court's prior Orders. And she continues to name several individuals at Miller Motte to whom reports of the alleged harassment were made. The court finds that while the changes between the Second and Third Amended Complaints may have been minor, in sum the plaintiff has now adduced sufficient allegations to allow the action to proceed. Critically, she has clarified her allegation that all of the alleged incidents of harassment were reported to Miller Motte authorities, a fact that was not entirely clear from earlier versions of the pleadings. Accordingly, the court finds that this action may proceed.

## CONCLUSION

For these reasons, the defendant's Motion to Dismiss is **DENIED.**

It is so **ORDERED**.

Enter this 6th day of January 2016.

_____
ALETA A. TRAUGER
United States District Judge